UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEEM PAJER, #647545,

        Petitioner,

                                  Case No. 15-cv-10376
v.                               Honorable Matthew F. Leitman

LORI GIDLEY,

        Respondent.
_____/

**OPINION AND ORDER SEVERING THE CIVIL CLAIMS AND DISMISSING THEM WITHOUT PREJUDICE, DISMISSING IN PART THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF #5), TRANSFERRING THE REMAINING PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  In a petition that is quite difficult to follow and understand, Michigan prisoner Rasheem Pajer ("Petitioner"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, challenges his state-court criminal convictions and the state's decision to revoke his parole.  (*See* the "Petition," ECF #5.)  Petitioner also appears to assert unidentified civil claims related to DNA/ethnicity testing, conduct by corrections officers, and his finances.

Petitioner is presently serving a term of three to 20 years imprisonment for armed robbery and a consecutive term of two years imprisonment for possession of a firearm during the commission of a felony, which were imposed following a bench trial in the Wayne County Circuit Court in 2007.  (*See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=647545.)   It appears from documents attached to Petitioner's pleadings that he was paroled in 2012 and then arrested for a weapons offense in 2013, which resulted in the revocation of his parole.

Petitioner raises the following claims in the Petition: (1) "abuse of judge's discretion" (in convicting him), (2) "habeas to determine DNA proving ethnicity," (3) "possession being 9/10 of the law, I'm fighting possession [because] they have to get the weapon off me not the grass quote possession law correct 100% exoneration" (regarding Petitioner's parole violation), (4) "lawyers, judges, prosecutors, COs' abuse of discretion," and (5) "to attack my mother of mishandling my Native American father's money."  (Petition at 5-12, Pg. ID. 46-53.)

For the reasons stated below, the Court severs and dismisses without prejudice Petitioner's civil claims concerning DNA/ethnicity testing, conduct by corrections officers, and his finances; dismisses without prejudice Petitioner's habeas claims concerning his parole revocation; and transfers Petitioner's remaining habeas claims concerning his state criminal convictions and sentences to the United States Court of

Appeals for the Sixth Circuit as a second or successive habeas petition. The Court also denies a certificate of appealability on the claims it dismisses without prejudice (concerning parole revocation) and denies leave to proceed *in forma pauperis* on appeal.

## II.     Discussion

### A.     Civil Matters (Claims II, part of IV, and V)

Petitioner raises unspecified civil claims concerning DNA/ethnicity testing, conduct by corrections officers, and his finances in the Petition. In order to demonstrate entitlement to habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a). Petitioner's claims concerning DNA/ethnicity testing and his finances do not concern his custody or the legality of his detention and thus are not cognizable upon habeas review. Should Petitioner wish to pursue such claims, he must bring them in a properly filed civil action. The requirements for pursuing a civil action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee with a $50.00 administrative fee, as compared to a $5.00 filing fee for a habeas action. Petitioner may not circumvent such requirements by filing a joint or hybrid action. Accordingly, the Court shall sever and dismiss without prejudice Petitioner's civil claims. The Court makes no determination as to the merits of those claims.

B.     <u>Parole Revocation (Claims III and part of IV)</u>

Petitioner also challenges his parole revocation. A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions, like the Petition here, challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Wem v. Burt*, No. 5:09-cv-13754, 2011 WL 825730, *1 (E.D. Mich. Mar. 3, 2011); *Knuckles v. Bell*, No. 08-cv-10942, 2008 WL 1743494, *1 (E.D. Mich. Apr. 14, 2008); *Swantak v. Romanowski*, No. 08-cv-10126, 2008 WL 186127, **1-2 (E.D. Mich. Jan. 18, 2008); *Simmons v. Michigan Dept. of Corrections Parole Bd.*, No. 2:07-cv-15442, 2008 WL 62459, *1 (E.D. Mich. Jan. 3, 2008).

To satisfy the exhaustion requirement, a prisoner must show that he "fairly presented" his claims to the state courts, meaning that he must have asserted both the factual and legal bases for his claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). A prisoner must present the claims to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue he raises in a federal habeas petition to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich.

4

1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the prisoner to prove exhaustion. *See Rust*, 17 F.3d at 160.

Petitioner has neither alleged nor established that he has exhausted his parole revocation claims in state court before he filed the Petition in this federal court. And Petitioner has an available remedy by which to do so. For example, Petitioner may bring a complaint for writ of habeas corpus in the appropriate state circuit court, see Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *see also Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). While the denial of such a writ is not appealable by right, it may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id.* Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.[1] And there is no time limit for filing a state habeas compliant as long as the prisoner is in custody when the judgment becomes effective. *See Triplett*, 142 Mich. App. at 779. Absent the exhaustion of those remedies, Petitioner's claims concerning his parole revocation are premature and must be dismissed without prejudice.

---

[1] Michigan's Administrative Procedures Act, Mich. Comp. Law § 24.201 *et seq.*, also provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). This must be done within 60 days of the parole revocation. The circuit court decision is appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.

**C.     Criminal Convictions and Sentences (Claims I and part of IV)**

Petitioner also challenges his armed robbery and felony firearm convictions and sentences in the Petition.  Petitioner, however, has already filed a habeas petition in federal court challenging those same convictions – a petition that the Court found to be untimely and which it dismissed with prejudice.  *See Pajer v. Roggenbuck*, No. 2:11-cv-14861 (E.D. Mich. Dec. 13, 2012) (Edmunds, J.).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).

Petitioner has not obtained appellate authorization to file a second or successive habeas petition.  Consequently, the Court must transfer the Petition to the United States Court of Appeals for the Sixth Circuit.  *See* 28 U.S.C. § 1631 (authorizing transfer of cases); *see also Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").  The Petition, to the extent it concerns Petitioner's 2007 armed robbery and felony firearm convictions, shall therefore be transferred to the Sixth Circuit.

**III.     Conclusion**

The Court concludes that Petitioner's civil claims are not properly raised in this habeas proceeding and must be severed; that Petitioner has not exhausted his state-court remedies as to his parole revocation claims; and that his remaining claims concerning his state criminal convictions and sentences constitute a second or successive petition that must be transferred to the Sixth Circuit.

Accordingly, for all of the reasons stated above, the Court **SEVERS** and **DISMISSES WITHOUT PREJUDICE** Petitioner's civil claims, **DISMISSES WITHOUT PREJUDICE** Petitioner's parole revocation claims, and **DIRECTS** the Clerk of the Court to **TRANSFER** Petitioner's remaining claims concerning his 2007 armed robbery and felony firearm convictions and sentences to the United States Court of Appeals for the Sixth Circuit.

Before Petitioner may appeal the Court's decision dismissing his habeas claims concerning parole revocation, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

7

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling that Petitioner failed to exhaust his state-court remedies in connection with his habeas claims arising out of his parole revocation. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113